UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONEL LEROY ARDERY,

    Petitioner,

v.

THE PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

Case No. 14-cv-03548-JD

**ORDER OF DISMISSAL**

Re: Dkt. No. 10

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was ordered to show cause why this case should not be dismissed as successive or transferred to another district. He has filed a response.

## DISCUSSION

### I. STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## II. LEGAL CLAIMS

Petitioner states that he was convicted in 1981 and has filed multiple habeas petitions in the Central District of California that were dismissed for failure to exhaust or as time barred in 1991, 1999, and 2000. "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

>  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>  (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has submitted a response but has failed to provide an order from the Ninth Circuit authorizing a new petition. Petitioner was convicted in the Central District of California and is currently incarcerated in the Eastern District so this is not the proper district to file this case. The case is therefore dismissed. If petitioner obtains permission from the Ninth Circuit he should file the habeas petition in the Central District of California.

## CONCLUSION

1. Petitioner's motion for appoint of counsel (Docket No. 10) is **DENIED**.

2. The case is **DISMISSED** and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 9, 2015

_____
JAMES DONATO
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONEL LEROY ARDERY,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Defendant. | Case No.  14-cv-03548-JD<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 3/9/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donel Leroy Ardery
C.S.A.T.F.
P.O. Box 5242
#C38078
Corcoran, CA 93212-5242

Dated: 3/9/2015

    Richard W. Wieking
    Clerk, United States District Court

    By: *Lisa R. Clark*
    LISA R. CLARK, Deputy Clerk to the
    Honorable JAMES DONATO